# EXHIBIT 1



# Notice of Service of Process

**TMM / ALL**
**Transmittal Number: 31145397**
**Date Processed: 04/04/2025**

| | |
|---|---|
| **Primary Contact:** | Dean Robertson Esq.<br>Vitas Healthcare Corporation<br>201 S Biscayne Blvd<br>Ste 400<br>Miami, FL 33131-4324 |
| **Electronic copy provided to:** | Juanita Vazquez |

| | |
|---|---|
| **Entity:** | Vitas HME Solutions, Inc.<br>Entity ID Number  1973969 |
| **Entity Served:** | Vitas Hme Solutions, Inc. |
| **Title of Action:** | Jose Sarmiento vs. Vitas Healthcare Corporation of California dba Vitas Healthcare |
| **Matter Name/ID:** | Jose Sarmiento vs. Vitas Healthcare Corporation of California dba Vitas Healthcare (17120868) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 26STCV08942 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/03/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Lavi & Ebrahimian, LLP<br>310-432-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE; VITAS HME SOLUTIONS, INC.; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE SARMIENTO, on behalf of himself and others similarly situated,

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2025 5:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court Stanley Mosk Courthouse-Central District 111 North Hill Street Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* 25STCV08942 |

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)     T: (310) 432-0000     F: (310) 432-0001
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211

DATE: **03/26/2025**       Clerk, by **G. Cordon** , Deputy
*(Fecha)*              *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Vitas Hme Solutions, Inc.
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |



## Superior Court of California, County of Los Angeles
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/26/2025<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: G. Cordon, Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV08942 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Laura A. Seigle | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 03/27/2025 _____          By G. Cordon_____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |
|---|---|---|

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al. | 25STCV08940 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | |
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>03/26/2025</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)
LAVI & EBRAHIMIAN, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211

TELEPHONE NO.: (310) 432-0000        FAX NO.: (310) 432-0001
EMAIL ADDRESS: jlavi@lelawfirm.com; vgranberry@lelawfirm.com; jklein@lelawfirm.com
ATTORNEY FOR *(Name):* Plaintiff JOSE SARMIENTO

FOR COURT USE ONLY
Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2025 5:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012.
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jose Sarmiento v. Vitas Healthcare Corporation of California dba Vitas Healthcare, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV08942 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 26, 2025

Cassandra A. Castro, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING      )
FOR CIVIL                          )
                                   )
                                   )
                                   )
                                   )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)   Bonds/Undertaking documents;

   iii)  Trial and Evidentiary Hearing Exhibits

   iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)    Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

    i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

    ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019        KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

Date:

_____     ➢ _____
   (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)    **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 2 of 2
LASC Approved 04/11

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)          **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11      (pursuant to the Discovery Resolution Stipulation of the parties)
For Optional Use

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                                 Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Jeffrey D. Klein, Esq. (SBN 297296)
Cassandra A. Castro, Esq. (SBN 334238)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        jklein@lelawfirm.com
        ccastro@lelawfirm.com

Attorneys for Plaintiff JOSE SARMIENTO,
on behalf of himself and others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2025 5:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JOSE SARMIENTO, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE; VITAS HME SOLUTIONS, INC.; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. 25STCV08942 <br><br> **CLASS ACTION** <br><br> **PLAINTIFF JOSE SARMIENTO'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:** <br><br> 1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** <br><br> 2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194** <br><br> 3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** <br><br> 4. **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7** <br><br> 5. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** |

6.  **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

7.  **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff JOSE SARMIENTO ("Plaintiff"), who alleges and complains on information and belief except as to those allegations relating to Plaintiff himself which are asserted on personal knowledge, against Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE; VITAS HME SOLUTIONS, INC. and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I.    INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods  or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURIDISCTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal

periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to Los Angeles County, at 16615 Arminta St. Van Nuys, CA 91406, more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

III.    **PARTIES**

3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or around January 19, 2024, until on or about October 2024.

5.    Plaintiff is informed and believes and thereon alleges that Defendants employed him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.    Plaintiff is informed and believes and thereon alleges that Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE, is authorized

to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-33 are, and at all times relevant hereto were persons acting on behalf of Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE operates in County and employed Plaintiff and putative class members in Los Angeles County, including but not limited to, at 16615 Arminta St. Van Nuys, CA 91406.

7. Plaintiff is informed and believes and thereon alleges that Defendant VITAS HME SOLUTIONS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 34-66 are, and at all times relevant hereto were persons acting on behalf of Defendant VITAS HME SOLUTIONS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant VITAS HME SOLUTIONS, INC. operates in Los Angeles County and employed Plaintiff and putative class members in Los Angeles County, including but not limited to, at 16615 Arminta St. Van Nuys, CA 91406.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 67-100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendants and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

9. Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

///

10.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendants was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA dba VITAS HEALTHCARE; VITAS HME SOLUTIONS, INC.; and DOES 1 to 100, inclusive.

11.     At all times mentioned herein, each Defendants was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12.     Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

IV.     **DESCRIPTION OF ILLEGAL PAY PRACTICES**

13.     Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11050, Defendants are employers of Plaintiff within the meaning of Wage Order 5 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

14.    **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

15.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

16.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks because Plaintiff and similarly situated employees were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks;

(b) Requiring Plaintiff and similarly situated employees to work on-call hours without being paid for all on-call hours worked.

17.    Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

18.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 5.

///

///

19.    **Failure to pay wages for overtime hours worked at the overtime rate of pay and/or failure to pay overtime wages at the proper overtime rate of pay:** Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

20.    Labor Code sections 510 and 1194 and Wage Order 5 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 5, §3.

21.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks because Plaintiff and similarly situated employees were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks.

(b) Requiring Plaintiff and similarly situated employees to work on-call hours without being paid for all on-call hours worked.

22.    Plaintiff and similarly situated employees were not paid for this time.

///

23. To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 5.

24. Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

25. **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

26. California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 5, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 5, §11.

27. Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks because Plaintiff and similarly situated employees were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks.

(b) Failing to provide Plaintiff and similarly situated employees a second uninterrupted duty-free meal period of no less than thirty (30) minutes for each workday that Plaintiff and similarly situated employees work shifts over ten (10) hours.

28. Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

29. The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

30. **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

31. California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 5, §12. If the employer fails to authorize or permit a required rest

COMPLAINT

9

period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 5, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 5, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

32.    In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and similarly situated employees with net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof.

(b) Requiring Plaintiff and similarly situated employees to remain on-duty during their rest breaks because Plaintiff and similarly situated employees were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during rest breaks.

(c) Failing to provide Plaintiff and similarly situated employees a third uninterrupted duty-free rest period of no less than ten (10) net minutes on each workday that Plaintiff and similarly situated employees work shifts over ten (10) hours.

33.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods.

Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

34.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

35.    **Failure to provide accurate wage statements:** Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

36.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

37.    **Failure to timely pay final wages:** An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

38. As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that he, and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest period premium wages (all described above), were not paid at the time of Plaintiff's and other similarly situated employees' separation of employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202, and 203.

## V. CLASS DEFINITIONS AND CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of himself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A. **Minimum Wage Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B. **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

C. **Meal Period Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

///

COMPLAINT

12

D.      **Rest Period Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

E.      **Wage Statement Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

F.      **Waiting Time Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

G.      **California Class:** All aforementioned classes are herein collectively referred to as the "California Class."

40.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.      **Numerosity:** While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.      **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

///

i.  Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.  Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.  Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

iv.  Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

v.  Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

vi.  Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

vii.  Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

viii.  Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

ix.  Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

x.  Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

C.  **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.      **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.      **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

41.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

42.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

43.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

44.    Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

45.    Defendants employed policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and the Minimum Wage Class to remain on-duty during their off-the-clock meal breaks because Plaintiff and the Minimum Wage Class were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks;

///

**COMPLAINT**

16

(b) Requiring Plaintiff and the Minimum Wage Class to work on-call hours without being paid for all on-call hours worked.

46. Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

47. As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

48. Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS 510 and 1194

**(Against All Defendants by Plaintiff, the Overtime Class)**

49. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

50. At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 5.

51. Pursuant to Labor Code sections 510 and 1194 and the Wage Order 5, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

52. Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be

COMPLAINT

17

compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

53.    Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

54.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

55.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and the Overtime Class to remain on-duty during their off-the-clock meal breaks because Plaintiff and the Overtime Class were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks;

(b) Requiring Plaintiff and the Overtime Class to work on-call hours without being paid for all on-call hours worked.

56.    Plaintiff and the Overtime Class were not paid for this time.

57.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

58.    As a result of Defendants' unlawful conduct, Plaintiff and the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their overtime rate of pay for all hours worked which constitute overtime.

///

59. Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

### (Against All Defendants by Plaintiff, the Meal Period Class)

60. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

61. At all times relevant to this Complaint, Plaintiff and the Meal Period Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

62. California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 5, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

63. In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of

work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Requiring Plaintiff and the Meal Period Class to remain on-duty during their off-the-clock meal breaks because Plaintiff and the Meal Period Class were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during their off-the-clock meal breaks.

(b) Failing to provide Plaintiff and the Meal Period Class a second uninterrupted duty-free meal period of no less than thirty (30) minutes for each workday that Plaintiff and the Meal Period Class work shifts over ten (10) hours.

64.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

65.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this Complaint.

66.    Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

67.    Plaintiff, on behalf of himself and the Meal Period Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

///

///

///

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7

### (Against All Defendants by Plaintiff, the Rest Period Class)

68.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

69.    At all times relevant to this Complaint, Plaintiff and the Rest Period Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 5.

70.    California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 5, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.,* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.* If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 5, §12; Labor Code section 226.7.

71.    In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and the Rest Period Class with net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof.

(b) Requiring Plaintiff and the Rest Period Class to remain on-duty during their rest breaks because Plaintiff and similarly situated employees were required to keep their employer-issued cell phone on them at all times during their shift to monitor and respond to calls from Defendant, including during rest breaks.

(c) Failing to provide Plaintiff and the Rest Period Class a third uninterrupted duty-free rest period of no less than ten (10) net minutes on each workday that Plaintiff and the Rest Period Class work shifts over ten (10) hours.

72.     Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

73.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Class and such conduct has continued through the filing of this Complaint.

74.     Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

75.     Plaintiff, on behalf of himself and the Rest Period Class seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

///

///

///

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN

## VIOLATION OF LABOR CODE SECTION 226

### (Against All Defendants by Plaintiff and the Wage Statement Class)

147. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

148. At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

149. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

150. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

151. Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

152. Defendants' failure to provide Plaintiff and the Wage Statement Class with

accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

153.    As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

154.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

155.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

156. Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

157. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

158. At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

159. An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

160. Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

161. Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked,

overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

162. Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

163. Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

164. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

165. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

166. Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon, and reasonable attorney's fees and costs under Labor Code section 218.5.

## SEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.

**(Against All Defendants by Plaintiff and the California Class)**

167. Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

168. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; failure to provide accurate wage and hour statements; and failure to timely pay all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

169.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

170.    Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein, along with reasonable attorney's fees and costs under Code of Civil Procedure section 1021.5 and other applicable statutes.

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:

ON ALL CAUSES OF ACTION:

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2. That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3. For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

## ON THE FIRST CAUSE OF ACTION:

1. That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

COMPLAINT

28

**ON THE SECOND CAUSE OF ACTION:**

1. That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

6. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1. That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the rest period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

2. For damages, according to proof, including unpaid premium wages;

3. For any and all legally applicable penalties;

4. For pre-judgment interest and post-judgment interest; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

///

**ON THE FIFTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3. For pre-judgment interest and post-judgment interest;

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

5. For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

6. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1. That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3. For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest;

4. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 218.5; and

5. For such other further relief, in law and/or equity, as the Court deems just or appropriate.

///

**ON THE SEVENTH CAUSE OF ACTION:**

1.   That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.   A declaratory judgment that the practices complained herein are unlawful;

3.   An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.   For restitution to the full extent permitted by law;

5.   For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure section 1021.5; and

6.   For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: March 26, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey Klein, Esq.
Cassandra A. Castro, Esq.
Attorneys for Plaintiff
JOSE SARMIENTO
on behalf of himself and others similarly situated

///

///

///

///

///

COMPLAINT
31

## DEMAND FOR JURY TRIAL

Plaintiff JOSE SARMIENTO demands a trial by jury for himself and the California Class on all claims so triable.

Dated: March 26, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey Klein, Esq.
Cassandra A. Castro, Esq.
Attorneys for Plaintiff
JOSE SARMIENTO
on behalf of himself and others similarly situated